# United States Court of Appeals
# for the Fifth Circuit

————————

No. 25-50083
Summary Calendar

————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Frankie Acosta,

*Defendant—Appellant*.

————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:24-CR-160-1

————————————————

United States Court of Appeals
Fifth Circuit
**FILED**
September 25, 2025
Lyle W. Cayce
Clerk

Before Higginbotham, Engelhardt, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Convicted of possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1), Frankie Acosta raises three issues that he correctly concedes are foreclosed by circuit precedents but raises to preserve for further review. We rejected his first claim, a facial challenge to § 922(g)(1) under the Second Amendment, in *United States v. Diaz*, 116 F.4th 458, 471-72 (5th Cir. 2024),

——————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-50083

*cert. denied*, 2025 WL 1727419 (U.S. June 23, 2025) (No. 24-6625). We rejected his second claim, an as-applied challenge to § 922(g)(1) by a defendant serving a sentence for a prior felony conviction at the time of his § 922(g)(1) offense, in *United States v. Giglio*, 126 F.4th 1039, 1044-45 (5th Cir. 2025). Finally, we held that his third claim, a challenge to § 922(g)(1) under the Commerce Clause, was foreclosed in *United States v. Alcantar*, 733 F.3d 143, 145-46 (5th Cir. 2013).

Accordingly, the Government's motion for summary affirmance is GRANTED. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Its alternative motion for an extension of time to file its appellate brief is DENIED. The judgment of the district court is AFFIRMED.